# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**LEROY THOMAS,**

    **Plaintiff,**

vs.                                        Case No. 4:18cv421-MW/CAS

**GENERAC POWER SYSTEMS, INCORPORATED,**

    **Defendant.**

_____ /

## REPORT AND RECOMMENDATION

Plaintiff, who is pro se, initiated this case on September 6, 2018. Plaintiff submitted a document which was filed by the Clerk's Office as a "notice of removal," ECF No. 1, but which is actually a notice of filing documents from state court. *Id.* The documents consist of Plaintiff's motion for change of venue, a state court order which purports to grant a change of venue, and a copy of Plaintiff's second amended complaint. ECF No. 1. Plaintiff also filed a motion requesting in forma pauperis status and the referral of this case to the Court's volunteer attorney program. ECF No. 2. Curiously, at the same time that motion was submitted, Plaintiff

paid the Court's filing fee.  ECF No. 4.  Thereafter, Plaintiff filed another "motion for referral to volunteer attorney program," ECF No. 5, and a notice of filing pleadings from the state court case, ECF No. 6, on September 17, 2018.

The first issue is that within Plaintiff's case initiating documents is a copy of a motion apparently filed by Plaintiff in the state court case which requested transferring his case to federal court.  ECF No. 1 at 2-4.  The document demonstrates that Plaintiff's case had been pending in state court since May of 2016, and Defendant Generac served an answer to Plaintiff's complaint on July 25, 2016.  *Id.* at 2.  On February 12, 2018, Plaintiff filed a first amended complaint against the Defendant.  ECF No. 1 at 3.  It also appears that Plaintiff and Defendant have conducted discovery.  *Id.* at 3; *see also* ECF No. 6.

One of the documents attached with Plaintiff's "notice," was an order presumably[1] entered by state court Circuit Judge Andrew J. Decker, II, which grant's Plaintiff's motion for leave to file an amended complaint, and construed his motion requesting transfer of venue as a notice of removal.  ECF No. 1 at 7-10.  The order purports to grant Plaintiff's motion "in

---

[1] A presumption is made because the judge's signature is not clearly visible. ECF No. 1 at 8, 10.

Case No. 4:18cv421-MW/CAS

accordance with Title 28, United States Code, § 1441(c) based on the alleged federal law claims asserted by the Plaintiff." *Id.* at 7. The order provided that "[s]ubject to the Plaintiff furnishing the United States District Court with a copy of the record of this case in accordance with Title 28, United States Code, § 1447(b) and any other relevant provisions of Title 28, United States Code, dealing with judicial procedure," the state court case was administratively closed on September 2, 2018. *Id.* at 8.

Notwithstanding that state court order, the relevant statute provides for the removal of an action brought in state court to federal court if the federal court has "original jurisdiction" over the case. 28 U.S.C. § 1441(a).[2] Assuming that this Court has original jurisdiction over a claim alleging the violation of a federal trade statute, Plaintiff is not the proper party to remove this case to federal court. The removal statute states in clear and unambiguous language that such a case "may be removed *by the defendant or the defendants*, to the district court of the United States for the district and division embracing the place where such action is pending."

---

[2] Plaintiff submitted "a proposed" second amended complaint with his state court motion to transfer venue. ECF No. 1 at 4. The purported state court order granted Plaintiff's motion for leave to file an amended complaint. ECF No. 1 at 7. In count I of the second amended complaint, Plaintiff asserts that the Defendant has committed an unfair trade practice in violation of the "Federal Trade Act." ECF No. 1 at 13-15. Plaintiff presumably means the Federal Trade Commission Act, 15 U.S.C. § 45(a).

28 U.S.C. § 1441(a) (emphasis added).  The statute does not authorize a plaintiff who filed a case in state court to change his mind and "remove" the case to federal court.  "No right exists in favor of a person who, as plaintiff, has filed an action in the state court, to cause the removal of such action to a federal court." In re Walker, 375 F.2d 678, 687 (9th Cir. 1967).  Such a rule has been well established.  *See, e.g.*, Chicago, R.I. & P.R. Co. v. Stude, 346 U.S. 574, 579, 74 S. Ct. 290, 294, 98 L. Ed. 317 (1954) (noting that "the right to remove a suit is given only to the defendants" pursuant to 28 U.S.C. § 1441(a)); Fong v. Town of Bay Harbor Islands, No. 10-24422-CIV, 2011 WL 13221025, at *2 (S.D. Fla. Jan. 20, 2011) (stating that "[o]nly a defendant may remove an action to federal court."); Little v. Dep't of Health Dir. Med. Quality Assur., No. 407-CV-00390-MP-WCS, 2007 WL 4531554, at *2 (N.D. Fla. Dec. 19, 2007) (denying request for removal filed by plaintiff and remanding case to state court, concluding that plaintiff could not "switch to the federal forum because she [was] dissatisfied with the speed of justice in state court").  Plaintiff had the choice initially of whether to file his case in federal or state court.  He decided to proceed in state court and has been litigating his case there for over two years.  Plaintiff cannot now switch to the federal forum.

Because Plaintiff is not permitted to remove this case under § 1441(a), Plaintiff must continue his case in state court if he intends to proceed with his litigation.  Moreover, because this case is not removable, all of Plaintiff's pending motions should be denied.

Accordingly, it is respectfully **RECOMMENDED** that this case be **DISMISSED** and the complaint **REMANDED** to the Third Judicial Circuit of the State of Florida, in and for Madison County, Florida, and all pending motions be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on September 20, 2018.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**
**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**